(123 So. 89)

## MOSS LUMBER CO. et al. v. MICHIGAN CENT. R. CO.   (2 Div. 400.)

Court of Appeals of Alabama.   Nov. 20, 1928.

Rehearing Denied Feb. 5, 1929.   Affirmed on Mandate June 18, 1929.

S. C. Godbold, of Camden, for appellants.

Bonner & Miller, of Camden, for appellee.

BRICKEN, P. J.   This cause was tried in the court below upon the following agreed statement of facts, to wit:

"It is agreed and stipulated that the facts in this case are the following:

"On June 20, 1922, Moss Lumber Company at Ward, Alabama, shipped via A. T. & N. Railroad to John M. Diver Lumber Company, at Detroit, Michigan, certain freight as follows: One car pine lumber. This freight was shipped charges collect, the charges amounting to $177.05. This car was handled by the A. T. & N. Railroad, A. G. S. Railroad, C. N. O. T. P. Railroad, Big Four and was delivered by Michigan Central Railroad. Each is a common carrier. This car was reconsigned by John M. Diver Lumber Company prior to its arrival at Detroit to S. E. Benjamin of Detroit. Said reconsignment was made by letter, dated June 24th, 1922, to the agent of Michigan Central Railroad at Detroit, directing the delivery, upon the arrival of said car of lumber to S. E. Benjamin & Co., and containing the statement 'they will pay all charges.' Said freight was delivered by Michigan Central Railroad Company to S. E. Benjamin, accepted by him, and the freight charges were charged to the account of S. E. Benjamin, who was on a 48 hour credit agreement with Michigan Central Railroad Company. Attempts were made by Michigan Central Railroad Company to collect the freight charges from said S. E. Benjamin and from John M. Diver Lumber Company, both of whom went into Bankruptcy before collection was made. The said freight charges have never been paid to plaintiff, and are the lawful charges.

"At the time said lumber was shipped, and the contract represented by the bill of lading in this cause was made, it was the custom and usage for the freight charges on shipments of lumber to be paid by the consignee and for such freight charges to be deducted in paying the shipper for said lumber. This custom and usage was well known to the Michigan Central Railroad Company, and to all the carriers in this case. The freight charges on the car of lumber in this case

were deducted by S. E. Benjamin in his settlement for said lumber with John M. Diver Lumber Company, and were deducted from the payment made to defendant for said car of lumber. The defendant received for said car of lumber the invoice price of same, less $177.05 freight charges.

"The said car of lumber was delivered to and accepted by S. E. Benjamin on July 10th, 1922, and the unloading of the car was completed on July 13th, 1922. The payment made to Moss Lumber Company for the lumber, with $177.05 deducted therefrom, was made within sixty days after said delivery. The shipper was informed that freight charges had not been paid to plaintiff by a letter from plaintiff under date of October 25th, 1924."

We are of the opinion that the court below should have rendered judgment in favor of the defendant, appellant here, on the above statement of facts.

The carrier was obligated to collect the freight, on this shipment, upon delivery to S. E. Benjamin & Co. It violated its obligation by a delivery of the shipment on a 48-hour credit agreement. If the carrier assumed the risk of an unauthorized delivery without the collection of the freight charges, it cannot invoke its own wrong in this court as a basis for a recovery against the consignor.

The judgment appealed from is reversed, and one here rendered in favor of appellant.

Reversed and rendered.

PER CURIAM. Affirmed, on authority of Moss Lumber Co. v. Michigan Central R. Co., 219 Ala. 593, 123 So. 90.